# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SEAN TORPEY AND MICHELLE TORPEY, H/W | : | CIVIL ACTION NO. |
| *Plaintiffs* | : | |
| v. | : | |
| ERNESTO APONTE<br>  and<br>SCHNEIDER ELECTRIC USA, INC.<br>  and<br>JOHN DOES 1-10 (Fictitious Persons,<br>Corporations or Entities Responsible<br>for the Damages Suffered by Plaintiff) | : | **JURY TRIAL DEMANDED** |
| *Defendants* | : | |

## CIVIL ACTION COMPLAINT AND JURY DEMAND

**I.     PRELIMINARY STATEMENT**

1. This is a motor vehicle negligence claim against the Defendants, Ernesto Aponte, Schneider Electric USA, Inc. and John Does 1-10, for personal injuries caused to Plaintiff, Sean Torpey, by the negligent acts and/or omissions of the Defendants.

**II.    PARTIES**

2. Plaintiffs, Sean Torpey and Michelle Torpey, H/W, are adult individuals and citizen of the Commonwealth of Pennsylvania, residing therein at 35 Sassafras Drive, Churchville, PA 18966.

3. Defendant, Ernesto Aponte, is an adult individual and citizen of the State of New Jersey, residing therein at 7 Madison Trail, Hopatcong, NJ 07843.

4. Defendant, Schneider Electric USA, Inc., was and is now believed to be a business entity duly organized and existing under the laws of the State of Illinois with a principal place of business located therein at 1415 S. Roselle Road, Palatine, IL 60067.

**III.   JURISDICTION AND VENUE**

5.   Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

6.   The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and fees.

7.   Venue is proper in this district pursuant to 28 U.S.C. 1391 because the accident, acts and/or omissions giving rise to Plaintiffs' claims occurred within the district.

**IV.   STATEMENT OF CLAIMS**

8.   At all times relevant hereto, Defendant Ernesto Aponte owned, leased, possessed, maintained, controlled and/or operated a certain 2016 Ford F-550 DRW with NJ license plate #XDNV51, which was involved in the motor vehicle accident hereinafter described.

9.   At all times material herein, Defendant Schneider Electric USA, Inc. owned, leased, possessed, maintained and/or controlled the aforesaid 2016 Ford F-550 DRW, which was involved in the motor vehicle accident hereinafter described.

10.   Defendant, Schneider Electric USA, Inc. negligently entrusted its vehicle to Ernesto Aponte.

11.   Defendant, Schneider Electric USA, Inc. is vicariously liable for the negligence of Defendant, Ernesto Aponte.

12.   On or about November 30, 2017, Plaintiff Sean Torpey, was the operator of a certain 2015 Volkswagen Passat with PA license plate #JXY6575 which was stopped at a red traffic light on Route 29 South at its intersection with Lower Ferry Road in Ewing Township, New Jersey, and which was involved in the motor vehicle accident hereinafter described.

13.   On or about November 30, 2017, Defendant Ernesto Aponte was operating the

aforesaid 2016 Ford F-550 DRW, owned by Defendant Schneider Electric USA, Inc., which was travelling southbound on Route 29 South near its intersection with Lower Ferry Road when, suddenly and without warning, Defendant Ernesto Aponte failed to stop and struck the rear of Plaintiff's vehicle with such force so as to cause Plaintiff Sean Torpey to sustain severe and permanent injuries as described more fully hereinafter.

14. The aforementioned motor vehicle accident was caused solely and exclusively by reason of the negligence, carelessness and recklessness of the Defendants and was due in no manner to any act or failure to act on the part of Plaintiff.

## FIRST COUNT
## SEAN TORPEY V. ERNESTO APONTE
## NEGLIGENCE

15. Plaintiff hereby incorporates by reference paragraphs one (1) through fourteen (14) of the within Complaint as though the same were fully set forth at length herein.

16. The aforesaid motor vehicle accident was caused solely by the carelessness, negligence and recklessness of Defendant Ernesto Aponte which consisted of the following:

    (a)    operating the aforesaid motor vehicle at a high and excessive rate of speed under the circumstances;

    (b)    failing to have the aforesaid motor vehicle under proper and adequate control at the time of the motor vehicle accident described herein;

    (c)    failing to stop and carelessly driving;

    (d)    operating the aforesaid motor vehicle in an unsafe manner without due regard for the rights and safety of those lawfully upon the roadway, one of whom was Plaintiff, more specifically failing to stop and striking the vehicle in which Plaintiff was operating;

    (e)    failing to give proper and sufficient warning of the movements of the aforesaid motor vehicle;

    (f)    failing to maintain a proper lookout upon the roadway;

  (g)  failing to regard the point and position of other vehicles upon the roadway;

  (h)  failing to properly determine the distance between the two vehicles so as to avoid a dangerous collision of the type that seriously injured the Plaintiff;

  (i)  operating a motor vehicle with disregard for the safety of persons upon the roadway;

  (j)  otherwise failing to exercise due and proper care under the circumstances; and

  (k)  violating various ordinances and statutes pertaining to the operation of motor vehicles including, but not limited to, careless driving.

17. By reason of the aforesaid negligence and recklessness of Defendant Ernesto Aponte, Plaintiff has suffered severe and permanent injuries including, but not limited to, lower back pain, neck pain, post traumatic headaches, decreased concentration, disc bulging at L4-5, left and right trapezius myofascitis, lumbosacral strain, and cervical strain.  Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

18. As a further result of the motor vehicle accident described herein, Plaintiff has been or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries which he suffered, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

19. As a further result of the motor vehicle accident described herein, Plaintiff has suffered or may suffer a severe loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

20. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

21. As a further result of the motor vehicle accident described herein, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, significant dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

22. As a further result of the motor vehicle accident described herein, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

23. As a further result of the aforesaid motor vehicle accident, Plaintiff has suffered great physical pain, suffering and mental anguish, all of which may continue into the future.

24. Plaintiff in no manner contributed to his injuries which were the direct and proximate result of Defendant Ernesto Aponte's negligence, carelessness and recklessness.

WHEREFORE, Plaintiff, Sean Torpey, demands judgment against Defendant, Ernesto Aponte, in an amount in excess of $75,000.00 together with attorneys' fees, interest, and costs of suit.

## SECOND COUNT
## SEAN TORPEY V. SCHNEIDER ELECTRIC USA, INC.
## NEGLIGENT ENTRUSTMENT

25. Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-four (24) of the within Complaint as though the same were fully set forth at length herein.

26. The aforesaid motor vehicle accident was caused solely by the carelessness, negligence and recklessness of Defendant Schneider Electric USA, Inc. which consisted of the following:

  (a)  negligently entrusting the aforementioned Ford motor vehicle to Defendant, Ernesto Aponte who was known or should have been known to Defendant, Schneider Electric USA, Inc. as having a propensity for negligent operation of a motor vehicle;

  (b)  negligently entrusting the aforementioned Ford motor vehicle to Defendant, Ernesto Aponte who was known or should have been known to Defendant, Schneider Electric USA, Inc. as being inexperienced, under-experienced, unqualified or untrained in the operation of the type of motor vehicle in question;

  (c)  failing to adequately inspect and/or maintain the aforementioned Ford motor vehicle;

  (d)  failing to use due care in hiring, testing, training and/or monitoring Defendant, Ernesto Aponte;

  (e)  failing to properly hire employees and/or drivers qualified to drive;

  (f)  failing to properly train, monitor and supervise its employees and/or drivers; and

  (g)  failing to train employees and/or drivers on proper driving safety.

27. Defendant, Ernesto Aponte, at all times relevant hereto was acting on behalf of and operating the aforementioned Ford motor vehicle with the permission of the Defendant, Schneider Electric USA, Inc.

28. Defendant, Schneider Electric USA, Inc. negligently entrusted its vehicle to Ernesto Aponte.

29. Defendant, Schneider Electric USA, Inc. is vicariously liable for the negligence of Defendant, Ernesto Aponte as described above.

30. By reason of the aforesaid negligence and recklessness of Defendant Schneider Electric USA, Inc., Plaintiff has suffered severe and permanent injuries including, but not limited to, lower back pain, neck pain, post traumatic headaches, decreased concentration, disc bulging at L4-5, left and right trapezius myofascitis, lumbosacral strain, and cervical strain.  Plaintiff has in

the past and will in the future undergo severe pain and suffering as a result of which he has in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

WHEREFORE, Plaintiff, Sean Torpey, demands judgment against Defendant, Schneider Electric USA, Inc., in an amount in excess of $75,000.00 together with attorneys' fees, interest, and costs of suit.

## THIRD COUNT
## SEAN TORPEY v. JOHN DOES 1-10
## NEGLIGENCE

31. Plaintiff incorporates herein by reference paragraphs one (1) through thirty (30) of this Complaint as though the same were fully set forth at length herein.

32. Defendants, John Does 1-10, are individuals or entities whose identities are not yet known to Plaintiff, but who, at all times relevant herein, issued to the Defendants a policy of automobile insurance or negligently owned, operated, and/or maintained the aforesaid motor vehicle or any other motor vehicle which directly and proximately caused Plaintiff's injuries as aforesaid.

33. As a direct and proximate result of the Defendants' negligence, as aforesaid, Plaintiff has suffered severe and permanent injuries including, but not limited to, lower back pain, neck pain, post traumatic headaches, decreased concentration, disc bulging at L4-5, left and right trapezius myofascitis, lumbosacral strain, and cervical strain, and has been and will in the future continue to be hampered in his daily routine.

34. Plaintiff in no manner contributed to his injuries which were the direct and proximate result of Defendants' negligence, carelessness and recklessness.

WHEREFORE, Plaintiff, Sean Torpey, demands judgment against Defendants, John Does 1-10, in an amount in excess of $75,000.00 together with attorneys' fees, interest, costs of suit and punitive damages as the Court may deem adequate, just and proper under the circumstances.

## FOURTH COUNT
## MICHELLE TORPEY v. ERNESTO APONTE, SCHNEIDER ELECTRIC USA, INC. AND JOHN DOES 1-10
## <u>LOSS OF CONSORTIUM</u>

35. Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-four (34) of this Complaint as if the same were set forth herein at length.

36. At all times relevant hereto, Plaintiff, Michelle Torpey, was and is now legally married to Plaintiff, Sean Torpey.

37. As a further result of the incident described hereinabove, Plaintiff, Michelle Torpey, has suffered the loss of earnings, society, consortium and services of her husband, Plaintiff, Sean Torpey, to which she is legally entitled.

38. As a further result of the incident described herein, Plaintiff, Michelle Torpey, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which her husband has suffered by reason of the Defendants' actions and/or inactions and she may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, Michelle Torpey, demands judgment against Defendants, Ernesto Aponte, Schneider Electric USA, Inc. and John Does 1-10, in the amount of her damages, together with attorney's fees, interest and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury as to all issues.

                                                          Respectfully submitted,

                                                          **SWARTZ CULLETON PC**

By:    ***/s/ Christopher J. Culleton*****_____**
        Christopher J. Culleton, Esquire
        547 E. Washington Avenue
        Newtown, PA 18940
        T: (215) 550-6553
        F: (215) 550-6557
        cculleton@swartzculleton.com

Date:   June 7, 2019